Opinion issued October 7, 200



4


















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00856-CR
____________
 
THE STATE OF TEXAS, Appellant
 
V.
 
MARIA TERESA RAMON, Appellee
 

 
 
On Appeal from the 21st District Court
Burleson County, Texas
Trial Court Cause No. 12,575
 

 
 
MEMORANDUM OPINION
          A Burleson County grand jury issued a true bill of indictment against appellee,
Maria Teresa Ramon, accusing her of the offense of possession of cocaine, weighing
more than one gram but less than four grams. Appellee subsequently filed a pretrial
motion to suppress evidence found during the inventory of her sports utility vehicle
(SUV). Following a hearing, the trial court granted appellee’s motion. In its sole
point of error, the State contends that the trial court erred in granting appellee’s
motion to suppress the evidence found during the inventory of her SUV. We affirm.
Facts
          At the suppression hearing, Caldwell Police Officer Hermes testified that,
while he was on patrol on October 17, 2002, at approximately 11:00 p.m., the
Caldwell police dispatcher notified him that an anonymous caller had reported that
the occupant of a maroon Ford Explorer, license plate 6TY-X36, traveling westbound
on Highway 166 from Tunis toward Caldwell, might be carrying a large amount of
crack cocaine. Thereafter, Hermes drove to Highway 166 just outside of Caldwell’s
city limit and parked his patrol car on the side of the highway. Hermes then saw
appellee driving an SUV, which matched the description given by the caller. Hermes
began following appellee and activated his patrol car’s video recorder.
          Thereafter, appellee approached the intersection of Highways 36 and 166,
where she stopped her SUV at a stop sign. Hermes saw that appellee had failed to
stop at the “designated stopping point” at the stop sign and that the front wheels of
her SUV were almost on Highway 36. Hermes believed that appellee had committed
a traffic violation, but he decided not to stop her. Appellee then turned right onto
Highway 36, and Hermes continued to follow her.
          While driving on Highway 36, a truck pulled out in front of appellee, and
appellee swerved into an on-coming traffic lane to avoid colliding with the truck. 
Appellee then returned to the lane in which she had been driving. Hermes believed
that appellee had committed another traffic violation, but he again decided not to stop
her. After traveling approximately one mile to one and one-half miles, Hermes saw
that appellee was weaving her SUV within the lane in which she was driving and that
the tires of her SUV crossed over the traffic line on the right edge of the roadway. 
Hermes then initiated a traffic stop of appellee’s SUV, and he called for assistance
from other officers. Shortly thereafter, three other police officers arrived at the scene,
including Burleson County Sheriff’s Deputy Jones.
          At this point, Officer Hermes approached appellee’s SUV and asked for and
received from appellee her driver’s license and proof of insurance. Hermes handed
the driver’s license to Deputy Jones, and Jones ran a computer check on appellee’s
license. Hermes asked appellee from where she was traveling, and appellee
responded that she was a military police officer and that she was driving from Tunis
to Fort Hood. Hermes then directed appellee to exit her SUV and accompany him to
the front of his patrol car. As Hermes wrote appellee a warning ticket for failing to
drive within in a single traffic lane, he told her that, at that time of night, “[they]
sometimes like to search a vehicle.” He stated that this was “just part of our job” and
asked appellee if there might be any reason why she would not permit him to search
her SUV. Appellee initially consented to the search, but in response to Hermes
telling her that she must sign a consent form, she stated, “[i]f I don’t let you search
my vehicle, you have to let me go, right?” After Hermes responded that it was her
choice, he heard the police dispatcher state that appellee had outstanding warrants for
her arrest. Thereafter, Hermes arrested appellee and placed her in his patrol car.
          Hermes then initiated an inventory of appellee’s SUV. During the inventory,
Deputy Jones saw a black plastic container in the console of appellee’s SUV, and,
when he opened the container, he saw that there was a “off-white rock-like
substance” inside. The substance was later determined to be crack cocaine.
          Following the suppression hearing, the trial court granted appellee’s motion to
suppress the evidence found in her SUV.
Motion to Suppress Evidence
          In its sole point of error, the State contends that the trial court erred in granting
appellee’s motion to suppress the evidence found during the inventory of her SUV.
          We review a trial court’s ruling on a motion to suppress evidence for an abuse
of discretion. Taylor v. State, 945 S.W.2d 295, 297 (Tex. App.—Houston [1st Dist.]
1997, pet. ref’d). We will afford almost total deference to a trial court’s
determination of historical facts supported by the record, especially when the findings
are based on an evaluation of the credibility and demeanor of the witnesses. Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The trial court is the sole judge
of the witnesses’ credibility and may accept or reject any or all of a witness’s
testimony. Taylor, 945 S.W.2d at 297. In reviewing a ruling on a question of the
application of law to facts, we review the evidence in the light most favorable to the
trial court’s ruling. Guzman, 955 S.W.2d at 89. However, we review de novo a trial
court’s determination of reasonable suspicion and probable cause. Id. at 87.
          The State asserts that Officer Hermes had both “a reasonable suspicion and
sufficient probable cause” to initiate the traffic stop of appellee’s SUV. The State
notes that Hermes testified that an anonymous caller had reported that a maroon Ford
Explorer, traveling westbound on Highway 166 from Tunis toward Caldwell, might
be carrying a large amount of crack cocaine and that appellee’s SUV matched this
description. The State also notes that Hermes testified that, on the night in question,
he had witnessed appellee commit multiple traffic violations. The State concludes
that Hermes’s traffic stop of appellee was lawful and, thus, the subsequent inventory
of appellee’s SUV was also lawful.
          Here, the trial court entered a general order granting appellee’s motion to
suppress evidence without stating the basis for its order. The State did not request,
and the trial court did not make, findings of fact and conclusions of law. When a trial
court does not file findings of fact, we view the evidence in the light most favorable
to the trial court’s ruling and assume that the trial court made implicit findings of fact
that support its ruling as long as those findings are supported by the record. State v.
Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).
          As the sole trier of fact and judge of credibility, the trial court was not
compelled to believe Officer Hermes’s testimony. Id. at 857. Here, the trial court
simply may have disbelieved the officer’s testimony, either in whole or in part, and
our review of the record reveals that such finding supports the trial court’s ruling. 
See id. at 858. For example, our review of the audio portion of the videotape reveals
that the dispatcher, in regard to appellee’s outstanding arrest warrants, told Officer
Hermes that the dispatcher “[had] no hard [copy] confirmation on hand at this time”
and that Officer Hermes then told appellee that “[t]hey have got the warrant in hand.” 
Furthermore, if the State intends to justify a search or arrest on the basis of a warrant,
the State must produce the warrant and its supporting affidavit “for inspection of the
trial court for determination of its sufficiency.” Miller v. State, 736 S.W.2d 643, 648
(Tex. Crim. App. 1987). Here, there is no evidence in the record that the State
produced the outstanding warrants to the trial court at the suppression hearing. 
Therefore, affording almost total deference to the trial court’s ruling, as we must, we
decline to disturb the trial court’s ruling. 
          We overrule the State’s sole point of error.
Conclusion

          We affirm the order of the trial court.


 


                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).